JUDGE ROBERTSON
delivered the opinion op the court.
Jacob Mork, indicted for unlawfully selling by sample, in the city of Louisville, goods for owners in Cincinnati, Avho did not have their principal place of business in this *398 state, demurred to the indictment as insufficient, in failing to charge that the sale was without license. The demurrer was overruled, and the jury on the trial finding a verdict of guilty, he moved an arrest of the judgment, and appeals from the judgment overruling his motion and adjudging the statutory penalty.
As lately adjudged in the case of Smith v. The Commonwealth, the delictum being a sale without state license, the imputed offense is not sufficiently defined without charging that there was no such license. The simple error in overruling the demurrer is not per se a ground for a reversal, as provided by subsection 2 of section 349 of the Criminal Code of Practice. But the substantial defect in the indictment was a sufficient ground for arresting the judgment as provided by subsection 3 of section 334, same Code.
The judgment in this case must therefore be reversed for the error in refusing to arrest judgment on the verdict. But we should not stop here. His counsel insist that the enactment for violating which the appellant is indicted is unconstitutional; because, first, it violates the fundamental guaranty by the Federal constitution of equality in each state among the citizens of all the states; and second, as an indirect tax on purchasers- and consumers in Louisville, it violates the principle of equality of burden in Kentucky.
The first reason is sufficiently refuted by the simple suggestion that as citizens of Kentucky may be nonresidents, or have their principal place of business elsewhere, citizens of other states stand on the same platform occupied by that class of citizens of this state; and as in the case of all non-residents, whether citizens of Kentucky or of some other state, the. law requiring all alike in that attitude to give security for costs when suing in a court *399 of this state is adjudged constitutional, so the enactment complained of is not unconstitutional for any discrimination between the citizens of Kentucky and the like citizens of the other states of the Union.
And to the second reason we reply that when certain transactions are peculiarly local in their operation, as the vending of liquors or other articles of merchandise, the state may require license to sell in those places without requiring it in all other places, even though revenue as well as local policy may be one of the effects or objects of the requisition.
We suppose that a legislative act requiring license to sell intoxicating liquors in Louisville would not be unconstitutional for inequality merely because it did not apply to the seat of government or to Woodford County; nor could we admit that an act requiring license for billiard-tables in the city of Louisville would be void because it does not apply to all such tables, in town. and country, everywhere in Kentucky.
We are not sufficiently convinced, of the unconstitutionality of the act in this case to feel authorized to nullify it by our judgment.
But the appellant’s counsel also insist that the act of 1860 (2 Revised Statutes, 805), for violating which he is prosecuted, has been repealed by an act of 1865, amending the charter of the city of Louisville so as to authorize the council to require for local revenue a city license for selling goods by sample for a non-resident. The answer to this is that the same local power for the same end had been granted before 1860, and continued when in 1865 the charter was amended; and the chief object of that amendment seems to have been to authorize a license for a shorter period than one year. The amendatory act could not therefore have been intended as a repeal of the act of *400 1860, nor can it be consistently so construed. There is no conflict between these enactments. One is intended for state the other for city revenue.
Wherefore the judgment of conviction in this case is reversed, and the cause remanded with instructions to arrest it, and then to dispose of the appellant according to the law in the like cases.